STATE OF CONNECTICUT *v.* JAMES MOORE
(3315)

BORDEN, SPALLONE and DALY, Js.

Argued February 8—decision released April 9, 1985

*Robert F. Field,* assistant public defender, for the appellant (defendant).

*James M. Bernardi,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. After a jury trial, the defendant was convicted of burglary in the third degree; General Statutes § 53a-103; conspiracy to commit burglary in the third degree; General Statutes § 53a-48; larceny in the third degree; General Statutes § 53a-124; and conspiracy to commit larceny in the third degree; General Statutes § 53a-48. On appeal, the defendant claims that there was insufficient evidence to support his conviction.

"The test employed in determining whether the evidence is sufficient to sustain a verdict is whether the trier could reasonably have concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983). In applying this test, the evidence presented at trial is to be given a construction most favorable to sustaining the jury's verdict. Id." *State* v. *Davis,* 3 Conn. App. 359, 488 A.2d 837 (1985). It is the function of the jury to weigh conflicting evidence and to determine the credibility of the witnesses. *State* v. *Shipman,* 195 Conn. 160, 165, 486 A.2d 1130 (1985). If there is any way that the jury might have reconciled the conflicting testimony presented to them, we will not disturb their verdict. *State* v. *Myers,* 193 Conn. 457, 473, 479 A.2d 199 (1984).

We have examined the evidence in the light most favorable to sustaining the verdict and conclude that there is no merit to the defendant's claim.

There is no error.