## STATE OF CONNECTICUT *v.* FRANK KRZYWICKI
### (14025)

Lavery, Landau and Schaller, Js.

Argued September 14—decision released December 19, 1995

*John R. Williams*, for the appellant (defendant).

*Richard F. Jacobson*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's

attorney, and *C. Robert Satti, Jr.*, assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[1] unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a),[2] and assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[3] The defendant claims that the trial court (1) improperly denied his Practice Book § 902 motion for a new trial, (2) denied the defendant due process of law by permitting the state to cross-examine the defendant concerning prior misconduct, (3) improperly charged the jury regarding "consciousness of guilt" and (4) violated the defendant's fifth amendment right of silence when it permitted the state to cross-examine him regarding his silence when questioned by police at his home. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 18, 1993, the victim was working as a dancer in a nightclub. After she finished work, the victim and the defendant decided to leave the nightclub together to eat. They went to a local bar where the victim consumed alcoholic beverages but no food. While in the bar, the defendant spoke of his marital

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of the use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

[3] General Statutes § 53a-61 (a) provides in pertinent part: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

difficulties and his attempts to reconcile with his wife. After they left the bar, they went to the defendant's home to smoke marijuana.

At the defendant's home, the victim became nauseated and vomited and lost consciousness in the defendant's bathroom. She awoke when the defendant dragged her by the hair into his living room, where she again lost consciousness. She later awoke naked on the living room floor with the defendant on top of her, engaging in sexual intercourse. The victim screamed and attempted to push the defendant away. She was able to get up and ran naked to the house of a neighbor, who called the police.

Officer James Baraja of the Bridgeport police department arrived at the neighbor's home and observed the victim in a hysterical state with bruises on her face and arms. She was taken to a hospital where she underwent an examination. Samples of fluids from the victim's vagina indicated the presence of semen. Baraja went to the defendant's house and woke him up. When Baraja asked the defendant several questions, the defendant replied that he had nothing to say. Baraja arrested the defendant.

I

The defendant claims that the trial court improperly denied his Practice Book § 902[4] motion for a new trial. The defendant argues that the motion for a new trial should have been granted because defense counsel was

---

[4] Practice Book § 902 provides in pertinent: "Upon motion of the defendant, the judicial authority may grant him a new trial if it is required in the interests of justice. Unless the defendant's noncompliance with these rules or with other requirements of law bars his asserting the error, the judicial authority shall grant the motion:

"(1) For an error by reason of which the defendant is constitutionally entitled to a new trial; or

"(2) For any other error which the defendant can establish was materially injurious to him. . . ."

intoxicated during trial, thereby rendering any assistance of counsel ineffective and depriving the defendant of a fair trial.[5] We decline to review this claim.

Practice Book § 4065 (d) (3) requires the defendant to include in either his brief or an appendix the pertinent ruling to which he objects.[6] Neither the defendant's brief nor his appendix contains the trial court's ruling on his § 902 motion. It is the responsibility of the appellant to provide an adequate record for review pursuant to Practice Book § 4061.[7] *State* v. *Youdin*, 38 Conn. App. 85, 95, 659 A.2d 728 (1995). Because the defendant has not satisfied his burden of providing an adequate record regarding his § 902 motion, we decline to review this claim.[8]

[5] The attorney representing the defendant on appeal did not represent him at trial.

[6] Practice Book § 4065 (d) (3) provides in pertinent part: "When error is claimed . . . in a court or jury case, the brief or appendix shall include, where appropriate: the pertinent motion or pleading, if it does not appear in the record, as well as any other document which is a part of the file on appeal but is not proper for inclusion in the record; the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception. . . ."

[7] Practice Book § 4061 provides in pertinent part: "It is the responsibility of appellant to provide an adequate record for review."

[8] We note that the record contains no indication of intoxication or ineffectiveness of the defendant's trial counsel. Since the record is factually inadequate to support a claim of ineffective assistance of counsel, evidence would be needed in order to pursue this claim. "A motion for a new trial pursuant to Practice Book § 902 is limited to trial errors appearing on the record." *State* v. *Murdick*, 23 Conn. App. 692, 704, 583 A.2d 1318, cert. denied, 217 Conn. 809, 585 A.2d 1233 (1991). When a party seeks to offer evidence, a petition for a new trial is directed under Practice Book § 904. *State* v. *Jones*, 205 Conn. 723, 730, 535 A.2d 808 (1988). Moreover, "[c]laims of ineffective assistance of counsel should be brought in collateral proceedings, either by way of a [§ 904] petition for a new trial or a petition for a writ of habeas corpus." *State* v. *Murdick*, supra, 705. This allows those claims supported by the record to be tried concurrently with those claims requiring an evidentiary hearing thereby avoiding piecemeal resolution of the ineffective assistance of counsel claim. *State* v. *Leecan*, 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

## II

The defendant next claims that the trial court denied him due process by permitting the state to cross-examine him regarding prior unrelated misconduct. The defendant did not raise this claim at trial but, rather, objected only to the relevance of the evidence. The defendant argues, however, that he is entitled to appellate review of the unpreserved constitutional claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989),[9] and that the cross-examination constituted plain error. We disagree.

On appeal, the claim must meet all four prongs of the *Golding* analysis to be successful. Id., 239–40. We have stated previously that "[w]e are free, however, to dispose of the claim by focusing on the condition that appears most relevant under the circumstances of the case." *State* v. *Andrews*, 29 Conn. App. 533, 537, 616 A.2d 1148 (1992), cert. denied, 224 Conn. 924, 618 A.2d 531 (1993).

The defendant must show that his claim is of constitutional magnitude involving the violation of a fundamental constitutional right pursuant to the second prong of *Golding. State* v. *Golding*, supra, 213 Conn. 239. The defendant fails, however, to identify a fundamental constitutional right. The defendant's sole basis for raising this claim relates to the inappropriateness of cross-examining him regarding prior misconduct.[10]

---

[9] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40.

[10] At trial, the state cross-examined the defendant regarding the marital difficulties that resulted in the police being summoned to the defendant's

As demonstrated by an extensive list of cases cited in the defendant's brief, his claim on appeal deals with an evidentiary issue, not the deprivation of a fundamental constitutional right. See, e.g., *State* v. *Payne*, 219 Conn. 93, 98, 591 A.2d 1246 (1991); *State* v. *Sierra*, 213 Conn. 422, 429, 568 A.2d 448 (1990); *State* v. *Busque*, 31 Conn. App. 120, 128, 623 A.2d 532 (1993), appeal dismissed, 229 Conn. 839, 643 A.2d 1281 (1994). "[O]nce identified, unpreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." *State* v. *Golding*, supra, 241.

The defendant's claim also does not merit review under the plain error doctrine of Practice Book § 4185.[11] Where a trial court's action does not result in any manifest injustice, a defendant's claim under the plain error doctrine does not warrant review. "Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Webb*, 37 Conn. App. 722, 730–31, 657 A.2d 711 (1988). We conclude that the cross-examination of the defendant regarding prior misconduct did not result in manifest injustice and accordingly does not warrant review.

III

The defendant next claims that the trial court improperly instructed the jury regarding "consciousness of guilt." The defendant argues that no adequate basis existed for giving the instruction. In addition, he challenges the constitutionality of the instruction. The defendant has not adequately preserved this claim.

house. The trial court overruled the defendant's objection on the grounds of relevancy.

[11] Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at trial

At trial, the defendant objected to the jury instruction regarding "consciousness of guilt." The defendant's brief, however, does not comply with the appropriate procedure for raising this claim. Practice Book § 4065 (d) (2)[12] requires that the defendant's brief or appendix contain "a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge." See *State* v. *Alford*, 37 Conn. App. 180, 186–87, 655 A.2d 782 (1995). The appellant is responsible for providing an adequate record for review. Practice Book § 4061. The defendant has failed to meet his burden of providing an adequate record for review in failing to include the jury charge in his brief or appendix.

The defendant also seeks to explore on appeal the constitutionality of the "consciousness of guilt" charge. The defendant neither preserved this issue at trial, nor sought review under *Golding* or the plain error doctrine. We decline to review this unpreserved claim.

IV

The defendant claims finally that the trial court violated his fifth amendment right of silence when it permitted the state to cross-examine him concerning his silence when questioned by police at his home. Although the defendant did not object to the cross-examination at trial, the defendant claims the issue is reviewable under *Golding* and the plain error doctrine. We disagree.

The defendant asserts that constitutional error occurred when the trial court permitted the state to

---

or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[12] Practice Book § 4065 (d) (2) provides: "When error is claimed in the charge to the jury, the brief or appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Evidence relevant to the claimed error shall be recited in narrative form with appropriate references to the page or pages of the transcript."

cross-examine him regarding his failure to answer questions posed by police officers. The defendant replied to the questions by stating that he had nothing to say. The defendant claims that this cross-examination regarding his silence violated his fifth amendment right of silence.

To be successful under *Golding*, the defendant must meet all four prongs of the *Golding* analysis. *State* v. *Golding*, supra, 213 Conn. 239–40. As noted in part II of this opinion, "[w]e are free . . . to dispose of the claim by focusing on the condition that appears most relevant under the circumstances of the case." *State* v. *Andrews*, supra, 29 Conn. App. 537.

The third prong of the *Golding* analysis requires that "the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial . . . ." *State* v. *Golding*, supra, 213 Conn. 239–40. It is well established that questioning regarding a defendant's postarrest silence is a constitutional violation if a *Miranda*[13] warning preceded the silence. *Doyle* v. *Ohio*, 426 U.S. 610, 619, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976). The record presented by the defendant in this case does not indicate when police gave *Miranda* warnings to the defendant. When a defendant is cross-examined regarding his silence after being arrested, unless the record showed that the defendant's silence is preceded by a *Miranda* warning, the cross-examination does not violate a constitutional right. *State* v. *Leecan*, 198 Conn. 517, 531, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

"The defendant bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a

---

[13] *Miranda* v. *Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." *State* v. *Golding*, supra, 213 Conn. 240. "An adequate factual record is especially crucial when dealing with a claim that was not preserved at trial, since consideration is being sought for review of a claim for which we lack a trial court ruling." Id., 240 n.10. Because the record presented by the defendant does not indicate when the defendant received his *Miranda* warnings, an adequate record for review of the claim does not exist. The defendant's failure to provide an adequate record for review is fatal to his claim that a constitutional violation clearly exists.

The defendant also seeks review claiming that cross-examining him regarding his silence when he was placed in custody constituted plain error. The plain error doctrine is "reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Webb*, supra, 37 Conn. 730–31. Because this claim has no merit, we decline review on this basis.

The judgment is affirmed.

In this opinion the other judges concurred.