STATE OF CONNECTICUT *v.* LEROY MIMS
(AC 19694)

Zarella, Pellegrino and Peters, Js.

Argued October 27, 2000—officially released January 16, 2001

[the petitioner's] competency, and took the appropriate steps to protect him on that issue."

*Mark Diamond*, special public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *George Ferko*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Leroy Mims, appeals from the judgment of conviction, rendered after a jury trial, of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1).[1] On appeal, the defendant claims that (1) the evidence presented at trial was insufficient to establish guilt beyond a reasonable doubt, (2) he received ineffective assistance of counsel and (3) the statutory definition of physical injury violated his due process rights because it is overbroad and, even if it is not overbroad, the officer's injury was not legally sufficient to sustain a felony charge. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 6, 1998, at approximately 10:25 p.m., a Hartford police officer who was patrolling Footguard Place observed the defendant approach a man and a woman who were preparing to get on a motorcycle. The defendant held his hand out to the man, and the man gave him money. The officer considered that conduct "panhandling" and decided to intervene when the defendant became more aggressive and the couple looked

---

[1] General Statutes § 53a-167c (a) provides in relevant part: "A person is guilty of assault of a peace officer . . . when, with intent to prevent a reasonably identifiable peace officer . . . from performing his or her duties, and while such peace officer . . . is acting in the performance of his or her duties (1) such person causes physical injury to such peace officer . . . ."

intimidated. The officer approached the defendant, told him to stand against a wall and informed him that he was under arrest. During the arrest, the couple left the scene. The officer patted the defendant down and handcuffed him behind his back. Shortly thereafter, another officer arrived to assist with the arrest. The defendant then became angry, and started yelling and pulling away from the officers. In the ensuing struggle, the defendant kicked one of the officers in the left testicle, causing sharp pain.[2] As the struggle continued, one of the officers, in an effort to subdue the defendant, discharged pepper spray in the direction of the defendant. The officers then completed the defendant's arrest and transported him to the police station.

"When an appeal challenges the sufficiency of the evidence to justify a verdict of guilty, we have a twofold task. We first review the evidence presented at the trial, construing it in the light most favorable to sustaining the verdict. . . . We then determine whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. . . . It is the cumulative impact of a multitude of facts that establishes guilt." (Citation omitted; internal quotation marks omitted.) *State* v. *Lash*, 23 Conn. App. 663, 666, 583 A.2d 653 (1990).

"We must determine whether the jury could have logically reached its conclusion from the facts shown." Id., 667. "It is the function of the jury to weigh conflicting evidence and to determine the credibility of the witnesses. . . . If there is any way that the jury might have reconciled the conflicting testimony presented to them, we will not disturb their verdict." (Citation omit-

---

[2] The injury sustained by the officer did not cause him to miss work or require hospitalization.

ted.) *State* v. *Moore*, 3 Conn. App. 503, 504, 489 A.2d 1069 (1985).

The cumulative impact of the evidence in this case sufficiently enabled the jury to conclude beyond a reasonable doubt that the defendant was guilty of assault of a peace officer. The evidence indicates that the injured officer was in uniform at the time of the arrest and that the defendant knew that he was a police officer. The evidence further indicates that the officer was proceeding to carry out his lawful duty in an orderly manner at the time the defendant became angry and kicked him. Moreover, under the circumstances, the jury properly could have concluded that the defendant intended to prevent the officer from performing his duties. Finally, it is clear that the defendant physically injured the officer by kicking him in the left testicle, causing pain.

As to the defendant's second claim, namely, that he received ineffective assistance of counsel, "[t]his court has emphasized . . . that a claim of ineffective assistance of counsel is more properly pursued on a petition for [a] new trial or on a petition for a writ of habeas corpus rather than on direct appeal." (Internal quotation marks omitted.) *State* v. *Leecan*, 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). "As our Supreme Court has stated [in *State* v. *Leecan*, supra, 542], an ineffective assistance claim should be resolved, not in piecemeal fashion, but as a totality after an evidentiary hearing in the trial court where the attorney whose conduct is in question may have an opportunity to testify." (Internal quotation marks omitted.) *State* v. *Laracuente*, 57 Conn. App. 91, 97, 749 A.2d 34, cert. denied, 253 Conn. 923, 754 A.2d 798 (2000). Therefore, we conclude in accordance with well established precedent that this claim is not properly pursued on direct appeal.

The defendant also claims that the statutory definition of physical injury violated his due process rights

because it is overbroad and that even if the definition is not overbroad, the officer's injury was not legally sufficient to sustain a felony charge. The defendant's analysis of his claim consists of the following: "[General Statutes] § 53a-3 defines 'physical injury' as 'impairment of physical condition or pain.' This overbroad definition lacks sufficient notice of proscribed behavior, violating the due process clause of the federal and state constitutions [U.S. Const., amends. V, VI; Conn. Const., art. I, § 8]," and "[t]he pain received by [the officer] cannot be deemed of sufficient severity to support a felony conviction." Those assertions, without further analysis, are inadequate to warrant review. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citations omitted; internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 820–21 n.1, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998). We decline to review this claim due to inadequate briefing.

The judgment is affirmed.