******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* ALPHONSO MARCUS
## (AC 47513)

Westbrook, Wilson and DiPentima, Js.

*Syllabus*

Convicted of, inter alia, assault of a correctional officer in connection with an altercation with G, the defendant appealed. He claimed that there was insufficient evidence to support his conviction because there was no evidence that he caused physical injury to G, which was an element of the crime. *Held*:

The trial court reasonably could have concluded that the cumulative force of the evidence established the essential elements of the crime of assault of a correctional officer beyond a reasonable doubt, including that G suffered a physical injury, as the court reasonably could have inferred that G experienced pain when he scraped and scuffed his knee during the incident with the defendant, and the state was not required to demonstrate that G had an observable physical condition or a physical manifestation of his pain or that he had sought medical attention or was impaired in his ability to work.

Argued September 10—officially released November 11, 2025

*Procedural History*

Information charging the defendant with the crimes of assault of a correctional officer and assault in the third degree and with the infraction of failure to comply with fingerprint requirements, brought to the Superior Court in the judicial district of New London, geographical area number twenty-one, and tried to the court, *Hon. Arthur C. Hadden*, judge trial referee; judgment of guilty of assault of a correctional officer and failure to comply with fingerprint requirements, from which the defendant appealed to this court. *Affirmed.*

*Mary Boehlert*, assigned counsel, for the appellant (defendant).

*Raynald A. Carre*, deputy assistant state's attorney, with whom, on the brief, were *Paul J. Narducci*, state's attorney, and *Carlos Cruz*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Alphonso Marcus, appeals from the judgment of conviction, rendered after a trial to the court, of assault of a correctional officer in violation of General Statutes § 53a-167c. On appeal, the defendant claims that there was insufficient evidence to support his conviction because there was no evidence that he caused physical injury. Specifically, he challenges the court's finding that the correctional officer suffered any physical injury. We affirm the judgment of the trial court.

The state presented evidence of the following facts.[1] On June 28, 2023, Travis Griggs and Charles Bernadeau, correctional officers at Corrigan Correctional Center, were conducting the intake process for the defendant, a new inmate at the facility. Griggs and Bernadeau asked the defendant to remove his sweatshirt pursuant to a policy concerning certain bulky items of clothing that could be used to hide contraband. The defendant refused. In addition, the defendant had one of his hands in his pants pocket, which Griggs viewed as a safety concern because a strip search had not yet been conducted. Griggs ordered the defendant several times to remove his hand from his pocket, but the defendant did not comply.

As Griggs attempted to grab the defendant's hand, an altercation ensued. The defendant pulled away and

---

[1] In rendering its oral decision, the trial court made limited findings with respect to the elements of the charged offenses. Our recitation of the facts includes the subordinate findings that the trial court, as the trier of fact, reasonably could have found on the basis of the evidence adduced at trial. See *State* v. *Corver*, 182 Conn. App. 622, 625 n.1, 190 A.3d 941, cert. denied, 330 Conn. 916, 193 A.3d 1211 (2018); see also, e.g., *State* v. *Josephs*, 328 Conn. 21, 24, 176 A.3d 542 (2018) (reciting facts that trial court reasonably could have found on basis of evidence presented at trial); *State* v. *Andres C.*, 208 Conn. App. 825, 828, 266 A.3d 888 (2021) (same), aff'd, 349 Conn. 300, 315 A.3d 1014, cert. denied, ___ U.S. ___, 145 S. Ct. 602, 220 L. Ed. 2d 236 (2024).

attempted to strike Griggs in the face with his elbow. Griggs used a "leg sweep" to get the defendant to the ground. He attempted to put a wrist restraint on the defendant and ordered the defendant to put his hands behind his back. When the defendant refused to comply, Griggs used a chemical agent on the defendant. Griggs had "scraped" and "scuffed" his knee, either while falling to the ground or while attempting to get the defendant to comply with the wrist restraint placement.

Other staff members arrived to assist, and the defendant was restrained. Griggs and Bernadeau were relieved from their duties related to the defendant due to their involvement in the incident. Joel DeCaprio, a Connecticut state trooper, was dispatched to Corrigan Correctional Center. DeCaprio arrested the defendant as a result of the altercation. The defendant refused to be fingerprinted as part of the booking process. Thereafter, the defendant was charged with assault of a correctional officer in violation of § 53a-167c, assault in the third degree in violation of General Statutes § 53a-61, and failure to comply with fingerprint requirements in violation of General Statutes § 29-17.

Following a trial to the court, *Hon. Arthur C. Hadden*, judge trial referee, the defendant was found guilty of assault of a correctional officer and failure to comply with fingerprint requirements,[2] and not guilty of assault in the third degree. The court subsequently sentenced the defendant to five years of incarceration, suspended after two years, followed by three years of probation in connection with his assault of a correctional officer. In addition, the court imposed a fine of $50 in connection with its finding that the defendant failed to comply with fingerprint requirements, which was remitted. This appeal followed.

---

[2] The defendant does not challenge his conviction of failure to comply with fingerprint requirements.

We set forth our standard of review and the relevant legal principles. "When a criminal conviction is reviewed for the sufficiency of the evidence, we apply a well established [two part] test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . [P]roof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [trier of fact], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier of fact's] verdict of guilty. . . .

"Our review is a fact based inquiry limited to determining whether the inferences drawn by the [trier of fact] are so unreasonable as to be unjustifiable. . . . [T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .

"[W]e give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses. . . . In evaluating evidence that could yield

contrary inferences, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier [of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . [W]e do not substitute our own judgment for that of the [trier of fact] if there is sufficient evidence to support its verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *Thompson-Baker*, 231 Conn. App. 41, 45–47, 332 A.3d 334 (2025).

Pursuant to § 53a-167c, to prove a person guilty of assault of a correctional officer, the state must establish beyond a reasonable doubt that the defendant "with intent to prevent a reasonably identifiable . . . employee of the Department of Correction . . . from performing his or her duties, and while such . . . employee . . . is acting in the performance of his or her duties . . . causes physical injury to such . . . employee . . . ." General Statutes § 53a-167c (a) (1); see also *State* v. *Kurzatkowski*, 119 Conn. App. 556, 561, 988 A.2d 393, cert. denied, 296 Conn. 902, 991 A.2d 1104 (2010).

In the present case, the defendant challenges only whether the state proved beyond a reasonable doubt that Griggs suffered a physical injury.[3] The defendant argues that there was no evidence that Griggs suffered any physical impairment or pain.

At trial, the state presented evidence of physical injury through testimony from Griggs.[4] Specifically, during his direct examination of Griggs, the prosecutor

[3] At oral argument before this court, the defendant's appellate counsel clarified that the defendant does not challenge causation but, rather, whether Griggs suffered a physical injury.

[4] During the trial, the state had also presented testimony from Bernadeau and DeCaprio. In addition, a video of the incident and a handwritten letter from the defendant to the prosecutor were admitted into evidence.

asked: "So, as a consequence of the altercation that you had with [the defendant], did you experience any pain or physical injury or any sort of physical consequence?" Griggs responded: "In the scuffle, I scraped my knee, my right knee, either during the fall to the ground or just attempting to get him to comply with the wrist restraint placement. Scuffed my knee."

During closing argument, defense counsel highlighted the fact that Griggs did not testify that he was struck by the defendant. Defense counsel argued: "The only testimony was that [the defendant] withdrew his hands from his grasp. And at that point, I believe, the testimony was that [Griggs] dropped him to the ground and in the process of doing that, I believe, that Officer Griggs may have injured his knee. I think he testified, but I'm not quite certain about that. But there's no testimony in any way that [the defendant] struck anyone or caused any injury to anyone."

In finding that the state had proven all of the elements of assault of a correctional officer, the court stated: "The final element, which clearly is the element at issue here, is that the defendant by his actions caused physical injury to the correction[al] officer."[5] The court rejected the defendant's argument emphasizing the fact that he did not strike Griggs, explaining: "That is not the law of the State of Connecticut, sir. The law of the State of Connecticut is that your conduct caused physical injury. There's no requirement that you punch or kick." The court told the defendant: "You did cause physical injury, which is nothing more than the causing of pain by your conduct to this correction[al] officer."

---

[5] As to the other elements of § 53a-167c, the court found that Griggs was a reasonably identifiable correctional officer, that he was acting in the performance of his duties at the time of the incident, and that the defendant possessed the requisite intent to prevent Griggs from performing those duties. The defendant does not challenge the sufficiency of the evidence with respect to these other elements.

Construing the evidence in a light most favorable to sustaining the verdict, we conclude that, on the basis of Griggs' testimony, the trial court reasonably could have found that Griggs suffered a physical injury. " 'Physical injury' means impairment of physical condition or pain . . . ." General Statutes § 53a-3 (3); see *State* v. *Cruz*, 71 Conn. App. 190, 214–15, 800 A.2d 1243 (concluding that definition of physical injury under § 53a-3 (3) applies to charge of assault of peace officer under § 53a-167c), cert. denied, 261 Conn. 934, 806 A.2d 1067 (2002); see also *State* v. *Haughwout*, 339 Conn. 747, 767, 262 A.3d 791 (2021).

Although in his testimony Griggs did not specifically mention pain or impairment, the court reasonably could have inferred, on the basis of its common knowledge and experience, that Griggs experienced pain when he "scraped" and "scuffed" his knee during the incident involving the defendant. See *State* v. *Downey*, 69 Conn. App. 213, 217, 796 A.2d 570 (2002) (pain that officer experienced when defendant kicked her shin satisfied physical injury requirement); see also *State* v. *Calabrese*, 116 Conn. App. 112, 120–21, 975 A.2d 126 (in reaching its verdict that defendant was guilty of crime of assault of elderly person in third degree, which involves same definition of "physical injury," jury reasonably could infer that grabbing arm and pulling hair of elderly victim would cause her pain, even though victim's statement did not mention pain or impairment), cert. denied, 293 Conn. 933, 981 A.2d 1076 (2009), and cert. denied, 293 Conn. 933, 981 A.2d 1076 (2009). "[Triers of fact] are not expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusion correct." (Internal quotation marks omitted.) *State* v. *Calabrese*, supra, 121; see also *State* v. *Patrick M.*, 344 Conn. 565,

576, 280 A.3d 461 (2022) ("[t]he [fact finder] is permitted to rely on its common sense, experience and knowledge of human nature in drawing inferences" (internal quotation marks omitted)).

The defendant argues that Griggs' testimony was insufficient to support a finding that he suffered a physical injury because his testimony did not indicate, inter alia, that he sought medical attention; that he was bleeding, bruised, or had any marks on him; that his pants were torn or that he was sore; that he was impaired in his ability to walk, drive, or continue to work; or "that he needed any assistance, not even a Band-Aid." In addition, the defendant contends that there was no other evidence to corroborate that Griggs suffered a physical injury, such as medical records, or testimony from medical personnel or Bernadeau, indicating that Griggs had been injured or complained of pain.

Although such facts might have helped to establish physical injury, the absence of this evidence does not require the conclusion that there was insufficient evidence. The state did not need to demonstrate that Griggs had an observable physical condition or a physical manifestation of his pain. See *State* v. *Haughwout,* supra, 339 Conn. 768 ("[n]either the absence of an observable physical condition nor the delayed onset of pain requires the conclusion that the state's evidence was insufficient to support the defendant's conviction"). In addition, the state was not required to demonstrate that Griggs sought medical attention or that he was impaired in his ability to work. See *State* v. *Mims,* 61 Conn. App. 406, 408–409 and n.2, 764 A.2d 222 (pain caused by kick to officer's left testicle was sufficient to support conviction notwithstanding fact that injured officer sought no medical attention and took no time off from work), cert. denied, 255 Conn. 944, 769 A.2d 60 (2001).

Accordingly, on the basis of the evidence presented and the rational inferences drawn therefrom, we conclude that the trial court reasonably found beyond a reasonable doubt that Griggs suffered a physical injury.

The judgment is affirmed.

In this opinion the other judges concurred.