After completing its overview of those charges, the court asked the defendant whether he was electing a trial by jury or a court trial. The defendant stated in relevant part: "I would like some time to decide this.... Everybody wants to do everything in five minutes. You wait a year and a half, and nobody wants to do anything, even with discovery or anything else, and now in five minutes ... you want to do all this." The court then advised the defendant that it had no preference as to how the defendant elected to proceed, as it would not be presiding over the defendant's trial. Rather, the court continued, *953 "I'm here to ... make sure you have a fair and accurate understanding of what's going to happen to you and [ensure that you] make that informed and knowing and voluntary decision whether to have a jury or court trial." After the court reminded him of his right to proceed with a jury trial or to elect to waive that right and proceed with a court trial, the defendant *642 stated, "I don't know," and then indicated that he "would like to talk to my attorney and have a little bit of time." The defendant then asked the court, "[c]an we at least do the end of the week?" In response, the court stated: "That's not happening.... Your default setting ... is to have a trial by jury. That's where you are right now. That jury trial starts tomorrow morning. If between now and then, or frankly, at any point during jury selection, you change your mind and elect to have a trial by court, you can do so, but then that waiver is gone. You cannot go back and forth. So, it is an important decision you're making, to have a trial by a jury or a court. You start with a jury, and once you elect a court trial-that's why I'm asking you all these questions about your education, your age, whether you ran your own business, because once you elect to have a court trial, you have waived your right to go back to a jury trial.... So, there's nothing wrong with taking the time to do that, but ... it is final .... [M]ake no mistake, I'm going to ask you all the questions necessary to make the determination of whether your decision and waiver of a jury trial is knowing, intelligent and voluntary. That will happen, and you'll either have a jury trial, which is completely fine, or you'll have a court trial before Judge Graham." The court then stated: "I assume you don't want to make that decision today. Is that correct, sir?" The defendant answered, "[c]orrect," and the proceeding adjourned.
The defendant again appeared before the court, Oliver, J. , the next morning. At that time, the defendant indicated that he was electing a court trial. Noting that some of the questions that followed might be "duplicative of yesterday," the court began its canvass of the defendant. The court asked the defendant several questions about his age, education, occupation and prior experience with the criminal justice system. The court then confirmed that the defendant had "discussed [his]
*643 right to a jury trial" with Bausch and understood that a jury "is composed of a number of members from the community"; to each query, the defendant answered, "[y]es." The defendant also confirmed that he understood that although a jury's verdict must be unanimous, the verdict in a court trial is rendered by one person.
The following colloquy then transpired:
"The Court: Now, you're making this decision after discussing the benefits or detriments of a jury trial ... after discussing those things with Attorney Bausch?
"The Defendant: Correct.
"The Court: And you're making this decision knowingly, voluntarily, and of your own free will?
"The Defendant: Yes.
"The Court: Is anyone forcing, threatening, or promising you anything to make you elect to waive your right to a jury trial-
"The Defendant: No.
"The Court: -and to elect a court trial?
"The Defendant: No.
"The Court: Okay. And do you have any questions for me about this decision?
"The Defendant: I would just like to apologize to Your Honor and to the jury for being here. I'm sorry about the confusion yesterday.
"The Court: Mr. Corver, as I said yesterday, this is America. The constitution *954 guarantees you that right. You have some serious charges. It's not an easy decision to make, and there's nothing wrong with taking the time necessary to make the decision voluntarily and be informed and speak with your attorney about it, all right? *644 "The Defendant: Thank you.
"The Court: So, do you have any questions for me about this decision?
"The Defendant: No.
"The Court: Do you have any questions for Attorney Bausch about this decision?
"The Defendant: No."
The court confirmed that the defendant understood that "[o]nce I accept your waiver of your right to [a] jury trial, you cannot change your mind," to which the defendant replied, "[y]es." The court then entered a finding that the defendant "has been fully and adequately apprised of the consequences of his election to waive his right to [a] jury trial and elect a court trial" and "has done so, and the court accepts the waiver."
On appeal, the defendant concedes that he made an affirmative indication of his waiver of his right to a jury trial during that canvass. See State v. Gore , 288 Conn. 770, 783, 955 A.2d 1 (2008) ("because the right to a jury trial is uniquely personal to the defendant, an affirmative indication of the defendant's personal waiver of this right must appear on the record"). He nonetheless claims that his waiver was not made in a knowing, intelligent, and voluntary manner due to (1) the alleged breakdown in communication with his legal counsel and (2) the court's refusal to grant a continuance in response to his request for more time to consider his decision. We disagree.
As detailed in part I of this opinion, the record substantiates the court's determination that a complete breakdown in communication between the defendant and Bausch did not occur. To the contrary, the evidence demonstrates that Bausch and the defendant continued to communicate in an effective manner throughout the *645 October 27, 2015 proceeding. Indeed, when the defendant on October 26, 2015, asked the court for a continuance until "the end of the week," he expressly indicated that he "would like to talk to my attorney and have a little bit of time" before making his election of a court trial.
Furthermore, there is little merit to the defendant's contention that the waiver of his right to a jury trial was not the product of free and meaningful choice due to the court's denial of that request for a continuance. As the aforementioned colloquies between the court and the defendant reflect, the court went to great lengths to communicate to the defendant the fact that, even if he began selecting a jury, the defendant still could elect to waive a jury trial at a later date and proceed with a court trial. The defendant was represented by counsel when he twice was canvassed on that decision by the court at the October 26 and October 27, 2015 proceedings. When the defendant equivocated on his waiver during the October 26 proceeding, the court terminated its canvass and informed the defendant that it would not accept a waiver of the defendant's right to a jury trial unless it was knowing, intelligent, and voluntary. During the second canvass conducted the following day, the defendant confirmed that he previously had discussed his decision with Bausch and had no remaining questions for Bausch at that time. As our Supreme Court has noted, "[t]he fact that the defendant was represented by counsel and that he conferred with counsel concerning waiver of his right to a jury trial supports a conclusion that his waiver was constitutionally sound." State v. Woods , supra, 297 Conn. at 586, 4 A.3d 236.
*955 In addition, the defendant's statements during the October 27, 2015 canvass indicate that he understood the court's various questions, including whether his election was the product of undue influence or coercion, and do not reveal any hesitation or involuntariness *646 on the defendant's part. See State v. Scott , 158 Conn. App. 809, 818, 121 A.3d 742 (emphasizing that "[t]he record contains no indication of any hesitancy or indecision on the part of the defendant" in waiving right to jury trial), cert. denied, 319 Conn. 946, 125 A.3d 527 (2015). Notably, at the conclusion of that canvass, the defendant stated that he "would just like to apologize to Your Honor and to the jury for being here. I'm sorry about the confusion yesterday." The defendant also testified during the October 27, 2015 canvass as to his familiarity with the criminal justice system, having pleaded guilty to assault in the first degree years earlier.[11] See State v. Moye , 119 Conn. App. 143, 164, 986 A.2d 1134 ("[t]he constitutional stricture that a plea of guilty must be made knowingly and voluntarily ... requires ... that there be a voluntary waiver during a plea canvass of the right to a jury trial" [internal quotation marks omitted] ), cert. denied, 297 Conn. 907, 995 A.2d 638 (2010) ; State v. Smith , 100 Conn. App. 313, 324, 917 A.2d 1017 (noting, in considering propriety of waiver of right to jury trial, defendant's "familiarity with the court system" due to criminal history), cert. denied, 282 Conn. 920, 925 A.2d 1102 (2007).
We therefore conclude that the totality of the circumstances demonstrates that the defendant's waiver of his right to a jury trial was knowing, intelligent, and voluntary. Accordingly, he cannot prevail under Golding 's third prong. See footnote 10 of this opinion.
The judgment is affirmed.
In this opinion the other judges concurred.

We reiterate that the defendant in the present case also was charged, in a part B information, with being a persistent dangerous felony offender due to his prior conviction for assault in the first degree. See footnote 5 of this opinion.