******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* HAJI
JHMALAH BISCHOFF
(AC 41367)

DiPentima, C. J., and Lavine and Harper, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of possession of
narcotics ([Rev. to 2013] § 21a-279) and possession of less than four
ounces of a cannabis-type substance, appealed to this court from the
judgment of the trial court dismissing his motion to correct an illegal
sentence. In his direct appeal to this court, the defendant claimed that
he was entitled to be resentenced as a result of a legislative amendment
to the crime of possession of narcotics because in 2015, subsequent to
his conviction, the legislature retroactively reclassified the violation of
§ 21a-279, for a first offense, as a class A misdemeanor, which carries
a maximum sentence of one year of incarceration. This court considered
and rejected the defendant's claim, and the defendant's petition for
certification to appeal from that decision to our Supreme Court was
denied. In his motion to correct an illegal sentence, the defendant
claimed that the legislature had intended for the 2015 amendment to
apply retroactively, and that the sentence imposed for his violation of
§ 21a-279 was illegal because it exceeded the maximum sentence
allowed under the 2015 amendment. *Held* that there was no merit to
the defendant's claim that the 2015 amendment applied retroactively:
this court has determined previously that the 2015 amendment to § 21a-
279 does not apply retroactively, our Supreme Court previously has
rejected the applicability in Connecticut of the amelioration doctrine,
which the defendant claimed applied and which provides that amend-
ments that reduce a statutory penalty for a criminal offense are applied
retroactively, and the defendant's request that this court overrule that
precedent was unavailing, as it is axiomatic that, as an intermediate
appellate court, this court is bound by Supreme Court precedent and
is unable to modify it, nor can this court overrule a decision made by
another panel of this court in the absence of en banc consideration;
accordingly, the trial court should have rendered judgment denying
rather than dismissing the defendant's motion to correct an illegal
sentence.

Argued March 6—officially released April 2, 2019

*Procedural History*

Substitute information charging the defendant with
two counts each of the crimes of possession of narcotics
with intent to sell by a person who is not drug-depen-
dent, possession of narcotics with intent to sell and
possession of narcotics, and with the crime of posses-
sion of less than four ounces of a cannabis-type sub-
stance, brought to the Superior Court in the judicial
district of Fairfield, geographical area number two, and
tried to the jury before *Dennis, J.*; verdict and judgment
of guilty of possession of less than four ounces of a
cannabis-type substance and of two counts of posses-
sion of narcotics, from which the defendant appealed
to this court, which affirmed the judgment; thereafter,
the Supreme Court denied the defendant's petition for
certification to appeal; subsequently, the court, *Doyle,
J.*, dismissed the defendant's motion to correct an illegal
sentence, and the defendant appealed to this court.
*Improper form of judgment; judgment directed.*

*James B. Streeto*, senior assistant public defender, with whom, on the brief, was *Emily H. Wagner*, assistant public defender, for the appellant (defendant).

*Jennifer F. Miller*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Craig P. Nowak*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Haji Jhmalah Bischoff, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. After reviewing the record and the parties' briefs, we conclude that the defendant's claim is barred by appellate precedent. We further conclude that the form of the judgment is improper, and, accordingly, we reverse the judgment dismissing the defendant's motion to correct an illegal sentence and remand the case to the trial court with direction to render judgment denying the defendant's motion.

The defendant was convicted of possession of heroin in violation of General Statutes (Rev. to 2013) § 21a-279 (a), possession of cocaine in violation of § 21a-279 (a), and possession of less than four ounces of a cannabis-type substance (marijuana) in violation of General Statutes (Rev. to 2013) § 21a-279 (c). *State* v. *Bischoff*, 182 Conn. App. 563, 569, 190 A.3d 137, cert. denied, 330 Conn. 912, 193 A.3d 48 (2018). The trial court merged the conviction of possession of heroin and possession of cocaine into a single conviction of possession of narcotics in violation of § 21a-279 (a), and sentenced the defendant to seven years incarceration, execution suspended after five years, and three years of probation. Id. On the defendant's conviction of possession of less than four ounces of marijuana, the court sentenced the defendant to a concurrent term of one year incarceration. Id.

In his direct appeal, this court considered and rejected the defendant's claim that he was entitled to be resentenced as a result of the legislative amendment to the crime of possession of narcotics. Specifically, we stated: "The defendant finally claims that he is entitled to resentencing on his conviction of possession of narcotics because the legislature has retroactively reclassified the violation of § 21a-279, for a first offense, as a class A misdemeanor, which carries a maximum sentence of one year of incarceration. See Public Acts, Spec. Sess., June, 2015, No. 15-2, § 1. The defendant concedes, as he must, that this court's holding in *State* v. *Moore*, 180 Conn. App. 116, 124, [182 A.3d 696, cert. denied, 329 Conn. 905, 185 A.3d 595] (2018), in which this court held that the 2015 amendment to § 21a-279 (a), which took effect October 1, 2015, does not apply retroactively and is dispositive of his claim. The defendant's claim that he is entitled to be resentenced must therefore fail." *State* v. *Bischoff*, supra, 182 Conn. App. 579–80. This court released the decision in the defendant's direct appeal on June 12, 2018. Id., 563. On September 20, 2018, our Supreme Court denied the defendant's petition for certification to appeal. *State* v. *Bischoff*, 330 Conn. 912, 193 A.3d 48 (2018).

On May 11, 2017, the defendant filed the present

motion to correct an illegal sentence. He argued that the legislature had intended the 2015 amendment to apply retroactively. According to the defendant, the sentence imposed for his violation of § 21a-279 (a) was illegal because it exceeded the maximum sentence allowed under the 2015 amendment.

On December 22, 2017, the trial court issued a memorandum of decision dismissing the motion to correct an illegal sentence. It concluded that, in the absence of any language indicating that the amendment was to be applied retroactively to crimes committed prior to its effective date, the general rule in Connecticut is that courts apply the law in effect at the time of the offense. It also rejected the defendant's argument as to the amelioration doctrine, which provides that amendments that reduce a statutory penalty for a criminal offense are applied retroactively. Specifically, the trial court stated: "[B]oth our Supreme and Appellate Courts have rejected application of the amelioration doctrine based on the plain language of the savings statutes." See General Statutes §§ 54-194 and 1-1 (t).

In his principal appellate brief, the defendant acknowledges that the present case is controlled by *State* v. *Moore*, supra, 180 Conn. App. 116, and *State* v. *Kalil*, 314 Conn. 529, 107 A.3d 343 (2014). In *Moore*, this court rejected a claim that the 2015 amendment to § 21a-279 (a) applied retroactively. *State* v. *Moore*, supra, 120–25. Specifically, we concluded that the 2015 amendment contained no language indicating a retroactive application and that the absence of such language was informative as to the legislature's intent. Id., 123–24. "Thus, if the legislature had intended the 2015 amendment to apply retroactively, it could have used clear and unequivocal language indicating such intent. It did not do so. A prospective only application of the statute is consistent with our precedent and the legislature's enactment of the savings statutes . . . and, therefore, the statutory language is not susceptible to more than one plausible interpretation." (Citation omitted.) Id., 123; see also *State* v. *Bischoff*, supra, 182 Conn. App. 579–80. Additionally, in accordance with *State* v. *Kalil*, supra, 314 Conn. 552–53, this court rejected the applicability of the amelioration doctrine in Connecticut. *State* v. *Moore*, supra, 124.

In the present appeal, the defendant expressly asks us to overrule *State* v. *Kalil*, supra, 314 Conn. 529, *State* v. *Moore*, supra, 180 Conn. App. 116, and *State* v. *Bischoff*, supra, 182 Conn. App. 563. We reject this invitation. First, "[i]t is axiomatic that, [a]s an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v.

*Montanez*, 185 Conn. App. 589, 605 n.5, 197 A.3d 959 (2018); see also *State* v. *Corver*, 182 Conn. App. 622, 638 n.9, 190 A.3d 941, cert. denied, 330 Conn. 916, 193 A.3d 1211 (2018). Second, "[i]t is this court's policy that we cannot overrule a decision made by another panel of this court absent en banc consideration." *State* v. *Joseph B.*, 187 Conn. App. 106, 124 n.13,    A.3d (2019); *State* v. *Carlos P.*, 171 Conn. App. 530, 545 n.12, 157 A.3d 723, cert. denied, 325 Conn. 912, 158 A.3d 321 (2017); see also *State* v. *Houghtaling*, 326 Conn. 330, 343, 163 A.3d 563 (2017) (Appellate Court panel appropriately recognized it was bound by that court's own precedent), cert. denied,    U.S.   , 138 S. Ct. 1593, 200 L. Ed. 2d 776 (2018). For these reasons,[1] we conclude that the defendant's appeal has no merit.

The form of the judgment is improper, the judgment dismissing the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment denying the defendant's motion.

[1] Due in part to the timing of the ultimate resolution of the defendant's direct appeal and the filing of the motion to correct an illegal sentence, the state claimed, for the first time on appeal, that the defendant's claim is barred by res judicata. While we have considered a res judicata defense under similar circumstances; see *State* v. *Martin M.*, 143 Conn. App. 140, 150–57, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013); *State* v. *Osuch*, 124 Conn. App. 572, 580–84, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010); we decline to travel that path in the present case.